## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA AMELIA TUM CHIC | |
| Plaintiff | CIVIL ACTION NO. 3:23-cv-00691-KAD |
| v. | |
| OLD FW, L.L.C. and MONROE STAFFING SERVICES, LLC | |
| Defendant | June 27, 2023 |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | May 30, 2023 |
| Notice and Request to Waive Service Sent : | May 30, 3023 |
| Waiver of Service  Returned by: | |
| Old F.W., LLC: | June 7, 2023 |
| Monroe Staffing Services, LLC: | June 5, 2023 |
| Date of Defendant's Appearance: | |
| Old F.W., LLC: | June 7, 2023 |
| Monroe Staffing Services, LLC: | June 5, 2023 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held via exchange of drafts between June 23, 2023 – July 27, 2023. The participants were  James Bhandary-Alexander, Yale Law School for Plaintiff(s) Ana Amelia Tum Chic, Michelle Gramlich, Musco & Iassogna for Old FW, L.L.C. (hereinafter "Old FW") and James Shea for Monroe Staffing Services, LLC (hereinafter "Monroe").

I.      **Certification**

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the

case; and (b) they have developed the following proposed case management plan.  Counsel

further certify that they have forwarded a copy of this report to their clients.

## II.      Jurisdiction

### A.      Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f)(3) and 29

U.S.C. §2617(a)(2) based on alleged violations Title VII of the Civil Rights Act of 1964 (Title

VII), 42 U.S.C. §2000e et. seq., and the federal Family and Medical Leave Act (FMLA), 29

U.S.C. §2601 et. seq.  In addition, this Court has supplemental jurisdiction over the plaintiff's

state law claims alleging violation of the Connecticut Fair Employment Practices, C.G.S. §46a-

60 et seq. pursuant to 28 U.S.C. § 1367.

### B.      Personal Jurisdiction

Personal jurisdiction is not contested.

## III.     Brief Description of Case

### A.      Claims of Plaintiff(s):  Plaintiff has alleged the following claims:  failure to

accommodate pregnancy in violation of Title VII and CFEPA against Old F.W. (First and

Second Cause of Action); wrongful termination, pregnancy in violation of Title VII and CFEPA

against Old F.W. and Monroe (Third and Fourth Causes of Action); Retaliation in violation of

Title VII and CVEPA against Old F.W. and Monroe (Fifth and Sixth Causes of Action);

unlawful request regarding child bearing in violation of CFEPA against Old F.W. (Seventh

Cause of Action); FMLA interference and retaliation against Old F.W. and Monroe (Ninth

Causes of Action).

B.     Defenses and Claims:

The Defendants deny all material allegations in the Plaintiff's Complaint and assert defenses to Plaintiff's claims as set forth in their responses to the Complaint or be proven at trial. Defendants contend that they did not discriminate against, fail to accommodate, wrongfully terminate Plaintiff, and did not unlawfully interfere with Plaintiff's rights, or deny any rights to which Plaintiff was entitled by law.  Defendants reserve the right to add and specify additional defenses and special defenses to the Complaint, to delete or withdraw defenses, and to add other claims as they become necessary after reasonable opportunity for discovery.

C.     Defenses and Claims of Third-Party Defendant(s):

Not applicable.

**IV.     Statement of Undisputed Facts**

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  A statement of undisputed facts is premature at this time however, the parties expect that the discovery process will enable them to reach an agreement with respect to a statement of undisputed facts prior to trial.

**V.     Case Management Plan**

A.     Initial Disclosures

Initial disclosures will be exchanged August 30, 2023.

B.     Scheduling Conference

1.     The parties do request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

C.      Early Settlement Conference

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Potential settlement may be facilitated by an early settlement conference.

2.      The parties do request an early settlement conference before a magistrate judge.

3.      The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff(s) should be allowed until July 7, 2023 to file motions to join additional parties and until July 15, 2023 to file motions to amend the pleadings.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      Defendants should be allowed until July 14, 2023 to file motions to join additional parties and until July 30, 2023 to file a response to the complaint, or any amended complaint.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of 'good cause' for the delay.

E.       Discovery

a.       Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case."  The parties anticipate that the general parameters of discovery will be as indicated below.

Parties Joint Position:

b.       The parties anticipate that discovery will be needed on the following subjects:

     i.    Defendants' affirmative defenses and denial of claims for damages;
    ii.   all subjects and issues fairly arising out of the claims of Plaintiff's Complaint;
   iii.  all subjects and issues fairly arising out of Defendants' defenses to Plaintiff's claims;
    iv.  Plaintiff's employment history and performance;
    v.   Plaintiff's claims for compensatory damages and, to the extent they include claims for emotional distress, all medical documentation related to such claims;
    vi.  Plaintiff's efforts to mitigate her alleged damages and obtain subsequent employment;
   vii. All subjects and issues fairly arising on the issue of damages;
  viii. Plaintiff's compensation and benefits;
    ix.  any documents the parties contend support their claims and/or defenses; and

The parties reserve the right to object in response to any specific discovery request and no waiver of any such objection is intended herein. The parties reserve the right to request additional discovery in compliance with the Federal Rules of Civil Procedure.

c.       All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by and completed (not propounded) by March 29, 2024.

d.      Discovery will not be conducted in phases.

e.      If discovery will be conducted in phases, describe each phase and state the date by which it will be completed.

f.      The parties anticipate that the plaintiff(s) will require a total of four (4) to six (6) depositions of fact witnesses and that the defendants will require a total of two to four depositions of fact witnesses.

g.      The parties  may  request permission to serve more than 25 interrogatories.

h.      Plaintiff intends to call expert witnesses at trial.  Defendants may call expert witnesses at trial.

i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by January 7, 2024.   Depositions of any such experts will be completed by March 29, 2024.

j.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by February 7, 2024.  Depositions of such experts will be completed by March 29, 2024.

k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 30, 2023.

a.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and

preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

1.      Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

2.      Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b) (2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery;

3.      ESI responsive to discovery requests will be produced in either hard copy or in TIFF format on compact discs or other appropriate storage media, except for spreadsheets which are to be produced electronically, in native file format;

4.      Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable;

5.      Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause shown.

l.      Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of

retrieval of information stored in paper or other non-electronic forms.  The parties have been

unable to reach agreement on the procedures for the preservation, disclosure and management of

such information: The parties shall preserve relevant non-electronically stored records.  The

parties shall take steps to prevent the destruction of potentially relevant non-electronically stored

information.  Unless otherwise agreed to by the parties, all such documents produced in

accordance with a discovery request shall be provided in PDF format.

      m.     Undersigned counsel and self-represented parties have discussed

discovery procedures that minimize the risk of waiver of privilege or work-product protection,

including procedures for asserting privilege claims after production.  The parties agree to the

following procedures for asserting claims of privilege after  production.  Following is the

position of each party: The parties agree to the following procedures for asserting claims of

privilege after production.

    1.   The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production;

    2.   Claims of privilege with regard to ESI shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 37(a)(1).

    3.   Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  Undersigned counsel have agreed that, in accordance with Fed. R. Civ. P. 26, inadvertent production of privileged

material will not be deemed to waive the privilege.  The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue and the basis for such claim of privilege or protection within thirty (30) days of learning of such disclosure.  If a document appears on its face to be subject to attorney-client privilege or to constitute attorney work-product and/or the parties agree as to the privilege or protection, the document and all copies (electronic and paper) shall be returned to the requesting counsel or otherwise agree and certify as to its destruction, and such shall not be used or referred to in any manner in litigation.  If counsel cannot agree as to the privilege status or work-product status of the document, the document at issue shall be segregated from all other materials and submitted to the U.S. Magistrate Judge for in camera inspection and determination.

With respect to withholding information on the basis of privilege or work-product protection, the parties will comply with Fed. R. Civ. P. 26, except that a privilege log need not be produced for the following documents: (a) counsel's notes; and (b) attorney-client communications (including emails) that occurred after the plaintiff retained counsel in connection with the matters alleged in the complaint.  If the parties dispute a claim of privilege, then within thirty (30) days of being informed in writing (or via email) that a dispute still exists (after good

faith efforts to resolve that dispute have been reasonably exhausted), the party claiming privilege will file a motion under seal for in camera review.

The parties reserve the right to demand the production of a privilege log in the event that either party demands the return of inadvertently produced privileged materials and the parties reserve their rights to challenge the assertion of any privileges with respect to any documents or information identified in such a privilege log

F.      Other Scheduling Issues

None.

G.      Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before May 10, 2024. Responses to any Summary Judgment motions will be filed on or before June 10, 2024.

H.      Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 29, 2024.  If dispositive motions are filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the ruling on any dispositive motion

**VI.    Trial Readiness**

If no dispositive motion is filed, the case will be ready for trial by May 29, 2024. If dispositive motions are filed, the case will be ready for trial within 60 days after the joint trial memorandum is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff,
Ana Amelia Tum Chic,

/s/ *James Bhandary-Alexander ct28135*
James Bhandary-Alexander
Yale Law School
127 Wall Street
New Haven, CT 06511
james.bhandary-alexander@yale.edu


Defendant,
Old F.W. LLC

/s/ *Michelle Gramlich ct28160*
Michelle Gramlich
Musco & Iassogna
555 Long Wharf Drive, 10th Floor
New Haven, CT 06511
Michelle.gramlich@m-ilaw.com



*/s/ Glenn Duhl ct03644*
Glenn Duhl
Zangari Cohn Cuthbertson Duhl & Grello P.C.
59 Elm Street, Suite 400
New Haven, CT 06510
gduhl@acclawfirm.com

Defendant,
Monroe Staffing

*/s/ James Shea ct16750*
James F. Shea, Esq.
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
james.shea@jacksonlewis.com