UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANA AMELIA TUM CHIC<br><br>　　　　　Plaintiff<br><br>v.<br><br>OLD FW, L.L.C. and MONROE STAFFING SERVICES, LLC<br><br>　　　　　Defendant | CIVIL ACTION NO. 3:23-cv-00691-KAD<br><br><br>July 28, 2023 |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, OLD FW, LLC, hereby files its Answer and Affirmative Defenses to Plaintiff, Ana Amelia Tum Chic's Complaint filed on May 30, 2023 (DE#1) and states as follows:

## INTRODUCTION

1. Defendant admits only that Plaintiff was placed at the Old FW distribution center in North Haven, CT by her employer, Monroe Staffing. The Defendant denies the remaining allegations contained in Paragraph 1.

2. Paragraph 2 is denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, the allegations contained in Paragraph 5 are denied

## PARTIES

6. Defendant denies that plaintiff was jointly employed by Monroe Staffing and Defendant Old FW. The remaining allegations are admitted.

1

7. Defendant admits only those allegation sin Paragraph 7 that allege that it is an LLC located in Milford, Connecticut. Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8 for lack of sufficient information on which to justify a belief as to the truth thereof.

## JURISDICTION AND VENUE

9. Paragraph 9 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, the allegations contained in Paragraph 9 are denied.

10. Paragraph 10 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, the allegations contained in Paragraph 10 are denied.

## EXHAUSTION OF ADMINISTRATIVE REMIEDIES

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

## FACTUAL ALLEGATIONS

15. Defendant admits only that Plaintiff worked at a distribution center in North Haven, Connecticut for her Monroe Staffing; Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits only that Plaintiff packed products such as lotions and creams; Defendant denies the remaining allegations in Paragraph 16.

17. Paragraph 17 is admitted.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Defendant denies the allegations in Paragraph 21 for lack of sufficient information on which to justify a belief as to the truth thereof.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Defendant denies the allegations in Paragraph 33 for lack of sufficient information on which to justify a belief as to the truth thereof.

34. Defendant denies the allegations in Paragraph 34 for lack of sufficient information on which to justify a belief as to the truth thereof.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Defendant admits only that Glory drove Plaintiff from North Haven to Plaintiff's residence in New Haven; the remaining allegations in Paragraph 37 are denied.

38. Defendant denies the allegations in Paragraph 38 for lack of sufficient information on which to justify a belief as to the truth thereof.

39. Defendant denies the allegations in Paragraph 39 for lack of sufficient information on which to justify a belief as to the truth thereof.

40. Defendant denies the allegations in Paragraph 40 for lack of sufficient information on which to justify a belief as to the truth thereof.

41. Defendant denies the allegations in Paragraph 41 for lack of sufficient information on which to justify a belief as to the truth thereof.

42. Defendant denies the allegations in Paragraph 42 for lack of sufficient information on which to justify a belief as to the truth thereof.

43. Defendant admits only that on Monday, August 2, 2023, Ms. Tum Chic attempted to return to her assignment; Defendant denies the remining allegations contained in Paragraph 43.

44. Defendant denies the allegations in Paragraph 8 for lack of sufficient information on which to justify a belief as to the truth thereof.

45. Paragraph 45 is admitted.

46. Defendant admits only that Ms. Tum Chic ws given the phone number for Monroe Staffing; the remaining allegations contained in Paragraph 46 are denied.

47. Defendant denies the allegations in Paragraph 47 for lack of sufficient information on which to justify a belief as to the truth thereof.

48. Defendant denies the allegations in Paragraph 48 for lack of sufficient information on which to justify a belief as to the truth thereof.

49. Defendant denies the allegations in Paragraph 49 for lack of sufficient information on which to justify a belief as to the truth thereof.

50. Defendant denies the allegations in Paragraph 50 for lack of sufficient information on which to justify a belief as to the truth thereof.

51. Defendant denies the allegations in Paragraph 51 for lack of sufficient information on which to justify a belief as to the truth thereof.

## FIRST CAUSE OF ACTION

**Title VII, 42 U.S.C. §§ 20003-2(a)9, 2000e(k)**
**Disparate Treatment Because of Sex (Pregnancy)**

*Failure to Accommodate Pregnancy* **(Against Defendant Old FW)**

52. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

53. Paragraph 53 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 53 are denied.

54. Paragraph 54 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 54 are denied.

55. Defendant denies the allegations in Paragraph 55 for lack of sufficient information on which to justify a belief as to the truth thereof.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

## SECOND CAUSE OF ACTION

### CFEPA, Conn. Gen. Stat. §46a-60(b)(7)(G)
### Failure to Accommodate Pregnancy (Against Defendant Old FW)

62. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

63. Paragraph 63 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 63 are denied.

64. Paragraph 64 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 64 are denied.

65. Defendant denies the allegations in Paragraph 65 for lack of sufficient information on which to justify a belief as to the truth thereof.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

## THIRD CAUSE OF ACTION

### TITLE VII, 42 U.S.C. §§2000e-2(a), 2000e-2(m), 2000e(k)
### Disparate Treatment because of Sex (Pregnancy)

*Unlawful Termination on the Basis of Sex (Pregnancy)*(**Against All Defendants**)

72. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

73. Paragraph 73 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 73 are denied.

74. Paragraph 74 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 74 are denied.

75. Defendant denies the allegations in Paragraph 75 for lack of sufficient information on which to justify a belief as to the truth thereof.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

## **FOURTH CAUSE OF ACTION**

**CFEPA, Conn. Gen. Stat. §§ 46a-60(b)(1), 46a-60(b)(7)(A)**
**Disparate Treatment Because of Sex (Pregnancy)**

*Unlawful Termination on the Basis of Sex (Pregnancy)*(**Against All Defendants**)

84. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

85. Paragraph 85 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 85 are denied.

86. Paragraph 86 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 86 are denied.

87. Defendant denies the allegations in Paragraph 8 for lack of sufficient information on which to justify a belief as to the truth thereof.

88. Paragraph 88 is denied.

89. Paragraph 89 is denied.

90. Paragraph 90 is denied.

91. Paragraph 91 is denied.

92. Paragraph 92 is denied.

93. Paragraph 93 is denied.

94. Paragraph 94 is denied.

## FIFTH CAUSE OF ACTION

**Title VII, 42 U.S.C. §20000e-3(a)**
**Retaliation (Against All Defendants)**

95. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

96. Paragraph 96 is denied.

97. Paragraph 97 is denied.

98. Paragraph 98 is denied.

99. Paragraph 99 is denied.

## SIXTH CAUSE OF ACTION

**CFEPA, Conn. Gen. Stat. §§ 46a-60(b)(4), 46a-60(b)(7)(k)**
**Retaliation (Against All Defendants)**

100. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

101. Paragraph 101 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 101 are denied.

102. Paragraph 102 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 102 are denied.

103. Paragraph 103 is denied.

104. Paragraph 104 is denied.

105. Paragraph 105 is denied.

### SEVENTH CAUSE OF ACTOIN

**CFEPA, Conn. Gen. Stat. § 26a-60(b)(9)**
**Unlawful Request for Information Relating to Child-Bearing Plans**
**(Against Defendant OLD FW)**

106. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

107. Paragraph 107 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 107 are denied.

108. Defendant admits the allegations contained in Paragraph 108.

109. Paragraph 109 is denied.

110. Paragraph 110 is denied.

111. Paragraph 111 is denied.

### EIGHTH CAUSE OF ACTION

**Family and Medical Leave Act, 5 U.S.C. §6381 et seq.**
**FMLA Interference (Against all Defendants)**

112. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

113. Paragraph 113 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 113 are denied.

114. Paragraph 114 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 114 are denied.

115. Paragraph 115 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 115 are denied.

116. Paragraph 116 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 116 are denied.

117. Paragraph 117 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 117 are denied.

118. Paragraph 118 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 118 are denied.

119. Defendant is without knowledge or information as to the truth of the allegations contained in Paragraph 119 and therefore leaves plaintiff to her proof.

120. Paragraph 120 is denied.

121. Paragraph 121 is admitted.

122. Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

## NINTH CAUSE OF ACTION

### Family and Medical Leave Act, 5 U.S.C. § 6381 et. seq.
### FMLA Retaliation (Against All Defendants)

126. Defendant realleges and incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

127. Paragraph 127 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 127 are denied.

128. Paragraph 128 asserts a contention of law for which no answer is required. To the extent an answer is deemed required, all allegations contained in Paragraph 128 are denied.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

131. Paragraph 131 is denied.

Unless expressly admitted, Defendant denies each and every allegation contained in the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief described in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. FIRST DEFENSE

As to all counts, Plaintiff has failed to state a claim(s) upon which relief can be granted.

SECOND DEFENSE

As to all counts and without conceding Plaintiff has suffered damages as a result of any alleged act of Defendant, Plaintiff has failed to mitigate her damages, if any.

THIRD DEFENSE

At all relevant times, Defendant had legitimate non-discriminatory reasons for all of its actions with respect to Plaintiff. FOURTH DEFENSE

Defendant reserves the right to raise additional defenses that may subsequently become or appear applicable to some or all of plaintiff's causes of action.

### FIFTH DEFENSE

Any harm, economic or otherwise, that Plaintiff claims to have suffered was caused in whole or in part by her own actions and decisions.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes aware during the course of discovery.

WHEREFORE, Defendant requests that Plaintiff take nothing by virtue of the Complaint, but that judgment be entered in Defendant's favor with costs and such other relief deemed appropriate by the court.

OLD FW, L.L.C.

BY /s/ ct28160

Michelle Gramlich
MUSCO & IASSOGNA
555 Long Wharf Drive, 10th Floor
New Haven, Connecticut 06511
Tel: (203) 782-4122
Fax: (203) 782-4128
michelle.gramlich@m-ilaw.com

      BY  /s/ ct03644
         Glenn A. Duhl ct03644
         Zangari Cohn Cuthbertson
           Duhl & Grello P.C.
         59 Elm Street, Suite 400
         New Haven, CT 06510
         Tel.: (203) 786-3709
         Fax: (203) 782-2766
         gduhl@zcclawfirm.com

## **CERTIFICATION**

  This is to certify that a copy of the foregoing was filed electronically on the 28th day of July, 2023.  Notice of this filing will be sent via e-mail to all parties by the operation of the Court's electronic filing system.

              /s/ ct28160

              Michelle Gramlich